UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROADRUNNER TRANSPORTATION
SERVICES, INC.,

    Plaintiff,

v.                                                                                                          No. 5:17-cv-457-JKP

BOB WHITE EXPRESS, INC.,

    Defendant / Third-Party Plaintiff,

v.

ASSOCIATED ACCEPTANCE, INC. d/b/a
RUSH TRUCK INSURANCE SERVICES
and GORDON RABE,

    Third-Party Defendants.

## ORDER

Before the Court are *Plaintiff Roadrunner Transportation Services, Inc.'s First Amended Motion for Summary Judgment* (ECF No. 58) and *Third-Party Defendants Associated Acceptance, Inc. and Gordon Rabe's Motion for Summary Judgment* (ECF No. 57). Defendant and Third-Party Plaintiff Bob White Express, Inc. ("BWE") responded to each motion (ECF Nos. 61, 62). Associated Acceptance ("Associated") and Gordon Rabe ("Rabe") replied (ECF No. 63). The Court heard the arguments of the parties on June 30, 2020. Supplemental briefs were filed on July 7, 2020 (ECF Nos. 68, 69). The motions are ripe for ruling. After due consideration, the Court grants *Plaintiff Roadrunner Transportation Services, Inc.'s First Amended Motion for Summary Judgment* (ECF No. 58) and defers ruling on *Third-Party Defendants Associated Acceptance, Inc. and Gordon Rabe's Motion for Summary Judgment* (ECF No. 57).

## BACKGROUND

On March 31, 2009, Roadrunner Transportation Services, Inc. ("Roadrunner") and Bob White Enterprises, BWE's predecessor, entered into a Cartage Agreement (the "Agreement") whereby Bob White Enterprises agreed to provide local pick-up and delivery services for Roadrunner. As part of the Agreement, Bob White Enterprises unloaded freight from Roadrunner's trailers at Bob White Enterprises' facility and transported this freight for local delivery. The Agreement required Bob White Enterprises to name Roadrunner as an additional insured on its insurance policies. In 2010, BWE purchased Bob White Enterprises. As part of the purchase, BWE ratified and adopted the Agreement. BWE and Roadrunner have executed several addenda and continue to operate under the Agreement.

On September 23, 2014, BWE employee, Robert Serna ("Mr. Serna") was injured while unloading freight from a Roadrunner trailer. ECF No. 58-1 at 20. Mr. Serna sued Roadrunner in Texas state court on July 1, 2016. *Id*. at 26. Roadrunner tendered a defense and indemnity request to BWE on August 5, 2016; BWE forwarded the same to its insurer Sentry Select Insurance Company ("Sentry"). *Id*. at 56. Sentry denied the tender on October 26, 2016. *Id*. at 66. Roadrunner settled the lawsuit for $150,000. *Id*. at 75-81. Roadrunner then initiated this action, bringing a breach of contract claim against BWE for its failure to name Roadrunner as an additional insured on BWE's insurance policy as required by the Agreement. ECF No. 1. In turn, BWE filed a third-party action against Associated and Rabe, the insurance broker and sales agent that procured the Sentry insurance policy. ECF No. 8. In the third-party action, BWE brings breach of contract and negligence claims for Associated and Rabe's failure to procure a policy that named Roadrunner as an additional insured. *Id*. at 3-4.

## APPLICABLE LAW

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *accord Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Because jurisdiction in this case is based on diversity of citizenship, the Court must "apply Texas law," including its law regarding statutes of limitations. *Ocwen Loan Servicing, L.L.C. v. Berry*, 852 F.3d 469, 473 (5th Cir. 2017); *accord West v. Conrail*, 481 U.S. 35, 39 n.4 (1987).

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material" and facts are "material" only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over material facts qualify as "genuine" within the meaning of Rule 56 when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Given the required existence of a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. A claim lacks a genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

---

[1] The summary judgment standard "remains unchanged" despite 2010 amendments to Fed. R. Civ. P. 56 that replaced "issue" with "dispute." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.). Although the standard remains the same, the Court utilizes the amended terminology even when relying on caselaw that predates the amendments.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When seeking summary judgment on an affirmative defense, such as claims being barred by a statute of limitations, the movant "must establish beyond peradventure" each essential element of the defense. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986); *accord Hagan v. Mazda Motor Co. of Am., Inc.*, 690 F. App'x 242, 243 (5th Cir. 2017) (per curiam) ("Under Texas law, a defendant moving for summary judgment on an affirmative defense must irrefutably establish its elements.").

Once the movant has carried the burden to establish that "claims are time-barred as a matter of law," the burden shifts to the non-movant to establish a genuine dispute of material fact on the timeliness of asserted claims. *Dommert v. Raymond James Fin. Servs., Inc.*, No. 1:06-CV-102, 2009 WL 275440, at *8 (E.D. Tex. Feb. 3, 2009) (adopting recommendation of Mag. J.). With this shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted).

## DISCUSSION

### A. Roadrunner's Motion for Summary Judgment

### 1. Declaratory Relief

Roadrunner's original complaint, the operative complaint in this action, sought declaratory relief. ECF No. 1. By the time Roadrunner filed its motion for summary judgment, the underlying litigation had been resolved. Rather than file an amended complaint, Roadrunner requested monetary relief in its motion for summary judgment. At the June 30, 2020 hearing,

Roadrunner voluntarily dismissed all claims for declaratory relief and informed the Court it is pursuing monetary relief only. BWE did not object. Accordingly, Roadrunner's claims for declaratory relief are dismissed.

## 2. Breach of Contract Claim

Roadrunner brings a claim for breach of contract for BWE's failure to have Roadrunner named as an additional insured on its insurance policy. ECF No. 1. Roadrunner seeks damages in the amount of $150,000 for the settlement amount it paid Mr. Serna to resolve the state court lawsuit; $94,243.68 for the attorney fees and costs Roadrunner incurred in the Serna litigation; and $50,646.73 for the attorney fees and costs incurred in the present action. ECF No. 58 at 17. Roadrunner's basis for summary judgment is that BWE failed to procure and maintain insurance naming Roadrunner as an additional insured as required by the Agreement. In support of the motion, Roadrunner points to the Agreement and certificates of insurance issued to BWE by Sentry. *See* ECF No. 58-1.

The Agreement provides that BWE must "procure and maintain liability and other insurance" covering automobile and general liability, cargo loss or damage, workers' compensation, and hazmat authority. ECF No. 58-1 ¶ 11. The Agreement further provides that BWE "shall furnish" to Roadrunner "written certificates obtained from each insurance carrier showing that such insurance has been procured and maintained," that Roadrunner is named as an additional insured, and that the policy "shall state that such insurance shall be primary with respect to all insured's [sic] and that such insurance shall be applicable separately to each insured and shall cover claims, suits, actions, or proceedings, including attorneys [sic] fees by each insured against any other insured." *Id*.

BWE admits it ratified the Agreement, the Agreement required BWE to name Roadrunner Transportation Services, Inc. as an additional insured on its insurance policy, and

that Roadrunner was not named as an additional insured under any policy beginning in 2009 through the expiration of the 2014-2015 policy. ECF No. 62. BWE's argument that if its breach of contract claim against Associated and Rabe is time barred, then Roadrunner's breach of contract claim is time barred, is not well-founded. The duty BWE owed Roadrunner and the duties Associated and Rabe owed BWE arose from separate and distinct sources. BWE's duty to Roadrunner is expressed in the Agreement. Associated and Rabe's duty to BWE arises out of the contract between them as a matter of law. *See May v. United Servs. Ass'n*, 844 S.W.2d 666, 669 (Tex. 1992). Accordingly, the Court grants summary judgment in favor of Roadrunner.

### 3. Attorney Fees

Roadrunner contends it is entitled under Tex. Civ. Prac. & Rem. Code § 38.001 to the reasonable attorney fees it incurred bringing this lawsuit. ECF No. 58 at 16. BWE objects to the affidavit submitted in support of Roadrunner's claim for attorney fees because it lacks sufficient detail. ECF No. 62 at 3. Section 38.001 states: "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: (8) an oral or written contract." An affidavit pursuant to § 38.001 must identify the services rendered, state the hourly rates of the personnel assigned to the matter, and itemize the hours expended, including the date of each charge and a brief description of the work performed. *See Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 826 (Tex. App. -- Dallas 2014, no pet.). The affidavit submitted in support of Roadrunner's claim for attorney fees does not itemize the hours expended with the date of each charge and a brief description. Accordingly, the Court grants Roadrunner leave to file a properly supported application for attorney fees.

**B. Associated and Rabe's Motion for Summary Judgment**

BWE brings claims for breach of contract and negligence against its insurance broker and agent Associated and Rabe for failing to place insurance that named Roadrunner as an additional insured. ECF No. 8. "[A]n insurance agent in Texas owes the following common-law duties to a client for whom he undertakes to procure insurance: (1) to use reasonable diligence in attempting to place the requested insurance; and (2) to inform the client promptly if unable to do so." *Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692 (Tex. App. -- San Antonio [4th Dist.] 1998, no pet.) (citing *May v. United Servs. Ass'n*, 844 S.W.2d 666, 669 (Tex. 1992)). Texas has recognized breach of contract and negligence causes of action against an insurance agent who fails to place the insurance his or her client requested. *See Turner-Bass Assocs. v. Williamson*, 932 S.W.2d 219, 223 (Tex. App. -- Tyler [12th Dist.] 1996, pet. denied) (breach of contract); *Johnson & Higgins v. Kenneco Energy*, 962 S.W.2d 507, 514 (Tex. 1998) (negligence) (superseded by statute on other grounds). A breach of contract claim must be brought "not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.051; *see also Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). A negligence claim must be brought within two years. Tex. Civ. Prac. & Rem. Code § 16.003(a); *see also TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 354-55 (5th Cir. 2008).

"Generally a cause of action accrues when facts come into existence that authorize a claimant to seek a judicial remedy, when a wrongful act causes some legal injury, or whenever one person may sue another." *Am. Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 430 (Tex. 2015) (cleaned up) (quoting *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011)). "[A] breach of contract claim accrues when the contract is breached," *Stine*, 80 S.W.3d at 592; "when a party fails or refuses to do something he has promised to do," *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 227 (Tex. App. -- Houston [14th Dist.] 2008, no pet.). A

7

negligence claim accrues "when the wrongful act effects an injury." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). "Because actual injury is an element of a negligence claim, 'an action for negligence cannot be maintained unless some damages result therefrom.'" *Waxler v. Household Credit Servs.*, 106 S.W.3d 277, 280 (Tex. App. -- Dallas [5th Dist.] 2003, pet. denied) (quoting *Deloitte & Touche v. Weller*, 976 S.W.2d 212, 215 (Tex. App. -- Amarillo 1998, pet. denied), which in turn quotes *Johnson v. Sovereign Camp, W.O.W.*, 125 Tex. 329, 335, 83 S.W.2d 605, 608 (Tex. 1935)).

**1. Breach of Contract Claim**

Associated and Rabe contend BWE's breach of contract claim is barred by the statute of limitations. A defendant moving for summary judgment on limitations grounds has the burden to prove the date on which the cause of action accrued. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Associated and Rabe have not met this burden. Associated and Rabe's proposed accrual dates of March 31, 2009 or June 17, 2011, depend on their contention that Pearl Sanchez ("Ms. Sanchez") never asked Rabe to have Roadrunner named as an additional insured. ECF No. 69 at 2.

Ms. Sanchez is a BWE shareholder and a company corporate representative in these lawsuits. Ms. Sanchez testified in deposition that she asked Rabe every year to make sure Roadrunner was covered, make sure it was insured, and Rabe replied, "don't worry, I got it." ECF No. 57-1 at 28:10-19; 36:13-37:6; 78:3-24. Rabe testifies that neither Ms. Sanchez nor Bob White ever asked him to procure insurance that named Roadrunner as an additional insured. ECF No. 57-1 at 114:11-23; 115:4-7; 123:4-8; 126:14-127:8. Consequently, BWE has raised fact issues as to whether Ms. Sanchez asked Rabe to procure the insurance and whether Rabe said he would. *See Carter v. Allstate Ins. Co.*, 962 S.W.2d 268, 269-70 (Tex. App. -- Houston [1st Dist.]

1998, pet. denied); *Frazer v. Tex. Farm Bureau Mut. Ins. Co.*, 4 S.W.3d 819, 822 (Tex. App. -- Houston [1st Dist.] 1999, no pet.).

Associated and Rabe assert as an alternative basis for the motion that BWE's breach of contract claim fails because there was no contract between Associated and Rabe and BWE. "A binding and enforceable contract is formed when, after an offer is made, the offer is unconditionally accepted and valuable consideration passes between the parties." *Turner-Bass,* 932 S.W.2d at 222 (citation omitted). Where an agent agrees to procure insurance for his or her client, "the continuation of an ongoing business relationship and the commissions on policies issued," even if paid by the insurer, can serve as consideration. *Id.* (citations omitted).

Associated and Rabe argue that there is no evidence of a written or oral agreement that expressed the terms of Associated or Rabe's services and there is no evidence that any consideration was given for the alleged services. ECF No. 57 at 13. In response, BWE points to a broker fee agreement signed in 2014 regarding a request and payment for coverage for the 2014-2015 policy. ECF No. 68-2 at 8. Handwritten notes on the document reflect BWE check number (8415), payment amount ($25,194.09), and note the date of April 7, 2014. *Id*. Check number 8415 was made out to Associated as payee and signed by Pearl Sanchez. *Id*. at 3. By pointing to this evidence, BWE has met its burden to designate competent summary judgment evidence showing a genuine dispute as to whether a contract existed between Associated and Rabe and BWE. Accordingly, the Court denies Associated's motion for summary judgment as to the breach of contract claim.

**2. Negligence Claim**

A negligence cause of action stems from a legal duty by the defendant; a breach of that duty; and damages proximately resulting from that breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Duty generally is imposed by law. *Sw. Bell Tel. Co. v. Delanney*, 809

S.W.2d 493, 495 n.2 (Tex. 1991). If no legal duty exists, liability for negligence may not be imposed. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

Texas courts have found the duties an insurance agent in Texas owes to his or her client—to use reasonable diligence in attempting to place the requested insurance; to inform the client promptly if unable to do so—may provide the basis for a negligence cause of action. *See Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692 (Tex. App. -- San Antonio [4th Dist.] 1998, no pet.) (citing *May v. United Servs. Ass'n*, 844 S.W.2d 666, 669 (Tex. 1992)).

In *Johnson & Higgins v. Kenneco Energy*, the court recognized a cause of action by an insured against its agent for negligent breach of the agent's duty to "obtain" insurance. 962 S.W.2d 507, 514 (Tex. 1998) (superseded by statute on other grounds). *All-Tex Roofing, Inc. v. Greenwood Ins. Group, Inc.*, recognized a claim for negligent placement of insurance, where the agent placed a policy with an insolvent insurer. 73 S.W.3d 412, 414 (Tex. App. -- Houston [1st Dist.] 2002, pet. denied). *Frazer v. Tex. Farm Bureau Mut. Ins. Co.*, reversed the grant of summary judgment in favor of the insurance agent on the negligence and breach of contract claims because plaintiff raised fact issues as to whether the insured asked, and her agent agreed, to raise the coverage limits. 4 S.W.3d 819, 822 (Tex. App. -- Houston [1st Dist.] 1999, no pet.).

In each of these cases, the injured insured brought the cause of action against its broker or agent. Kenneco Energy suffered losses related to a tanker of oil when the buyer canceled the contract "because the oil arrived both short and contaminated." *Johnson & Higgins*, 962 S.W.2d at 512. All-Tex answered a personal injury suit that concluded with a judgment entered against it for $1.3 million. *All-Tex*, 73 S.W.3d at 414. Frazer was injured in an auto accident. *Frazer*, 4 S.W.3d at 820. In this case, Roadrunner, having been sued by Mr. Serna, brought a cause of action against BWE to recover the amounts it expended to defend and settle the Serna lawsuit. The basis of Roadrunner's lawsuit is BWE's failure to name Roadrunner as an additional insured

10

as required by the Agreement between them. BWE in-turn seeks to recover from Associated and Rabe—its insurance broker and agent—the amounts for which it will be liable in the lawsuit brought by Roadrunner. The basis of BWE's lawsuit is Associated and Rabe's alleged failure to place insurance requested by BWE that named Roadrunner as an additional insured.

Associated and Rabe contend that even though Texas courts have allowed negligence claims to be brought against insurance agents, BWE's claim sounds only in breach of contract. ECF No. 57 at 12. Where a claim sounds only in contract and the damages are purely economic, the economic loss doctrine precludes recovery under a negligence cause of action. *LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 235 (Tex. 2014). The doctrine generally precludes recovery of purely economic losses in actions for negligent performance of contractual obligations. *LAN/STV*, 435 S.W.3d at 243 (collecting cases). When a plaintiff seeks damages for breach of a duty created under a contract, rather than a duty imposed by law, tort damages are precluded as a matter of law. *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 415 (Tex. 2011).

One exception to this general rule allows a negligence claim to proceed against a professional. *See id.* at 418. In the context of their arguments regarding breach of contract, Associated and Rabe contend that an insurance agent is a professional. ECF No. 57 at 1-14. And the dissent in *May* refers to insurance agents as professionals:

> An insurance agent, like other professionals, is not a guarantor of the client's happiness and should not be subject to liability any time the client is dissatisfied. Nor should the fact that the agent earns a reasonable profit from providing a service, by itself, be evidence the service has been negligently performed. But as the agent should not bear responsibility for every bad result, neither should the consumer.

*May v. United Servs. Ass'n*, 844 S.W.2d 666, 675 (Tex. 1992) (Doggett, L., dissenting). However, the Court is not aware of a precedential Texas opinion that holds as a matter of law an

insurance agent is a professional for the purposes of a negligence claim, analogous to an attorney, healthcare provider, engineer, or accountant. Consequently, this exception does not appear to apply.

The contractual relationship of the parties may also create duties under both contract and tort law. *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947). In such a situation, determination whether the economic loss doctrine is applicable requires examination of both the source of the defendant's duty and the nature of the injury. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 45 (Tex. 1998). If the source of the duty arises only out of contract, and not by the imposition of law independent of the contract, a breach of that duty will usually sound only in contract, not in tort. *Delanney,* 809 S.W.2d at 494. If the defendant's conduct would impose liability on him or her only because it breaches the parties' agreement, the claim is contractual as a matter of law. *Id.* When the nature of the injury is purely economic and stems from "the subject of a contract itself," the action sounds in contract alone. *Formosa*, 960 S.W.2d at 45.

In this case, assuming a contract existed, the subject matter of the contract between BWE and Associated and Rabe was the placement of insurance. BWE's negligence claim is that Associated and Rabe failed to place insurance requested by BWE that named Roadrunner as an additional insured. As alleged, Associated and Rabe's duty appears to have arisen under the contract, not independent of the contract. The damages alleged in this case—the settlement amount, attorney fees, and costs of the Serna litigation—are remedied with money.

To support an award of damages under a negligence theory, BWE would have to prove a distinct tortious injury with actual damages. *See Sharyland*, 354 S.W.3d at 417-18. On the facts of this case, the duty created by law appears to be the same duty created by the contract: to procure the insurance requested. If so, the damages alleged by BWE would consist of purely

economic loss arising from the subject matter of the contract between BWE and Associated and Rabe. *See Sharyland*, 354 S.W.3d at 417-18; *Delanney*, 809 S.W.2d at 494.

Associated and Rabe did not raise the economic loss doctrine as grounds for dismissal of BWE's negligence claim. Nevertheless, Fed. R. Civ. P. 56(f) permits courts to raise grounds for dismissal *sua sponte*, on condition that they provide a non-moving party notice and reasonable time to respond. Because it appears that that economic loss doctrine mandates dismissal of the negligence claim, the Court grants BWE an opportunity to show why the Court should not dismiss the negligence claim pursuant to that doctrine. Accordingly, the Court defers ruling on *Third-Party Defendants Associated Acceptance, Inc. and Gordon Rabe's Motion for Summary Judgment* (ECF No. 57) until the parties file their briefs or the deadline imposed by this Order expires.

## CONCLUSION

For the reasons set forth above, the Court issues the following orders:

1. The Court GRANTS *Plaintiff Roadrunner Transportation Services, Inc.'s First Amended Motion for Summary Judgment* (ECF No. 58).

2. Roadrunner Transportation Services, Inc.'s claims for declaratory relief are dismissed with prejudice.

3. The parties shall meet and confer prior to the filing of any motion for attorney fees and prior to the filing of any proposed final judgment.

4. Roadrunner Transportation Services, Inc. may file its **motion for attorney fees** no later than **August 24, 2020**. The motion shall include a certificate of conference. Bob White Express, Inc. shall file its response, if any, not later than fourteen days after the filing of any motion for attorney fees. Roadrunner shall file its reply, if any, not later than seven days after the filing of the response to the motion.

5. Roadrunner Transportation Services, Inc. shall file a **proposed final judgment** no later than **August 24, 2020**. The motion shall include a certificate of conference. Bob White Express, Inc. shall file its response, if any, not later than fourteen days after the filing of the proposed final judgment. Roadrunner shall file its reply, if any, not later than seven days after the filing of the response to the proposed final judgment.

6. Third-Party Plaintiff Bob White Express, Inc. shall show cause on or before **July 27, 2020**, why the Court should not dismiss its negligence claim based on the economic loss doctrine. Associated Acceptance, Inc. and Gordon Rabe may file a response no later than **July 31, 2020**. The parties shall each limit their briefing to five pages.

7. Third-Party Plaintiff Bob White Express, Inc. and Third-Party Defendants Associated Acceptance, Inc. and Gordon Rabe shall appear for status conference on **August 6, 2020 at 11:00 AM** before U.S. District Judge Jason Pulliam via video conference. The video conference link and instructions may be requested from Magda Muzza, Courtroom Deputy. Ms. Muzza can be reached at (210) 244-5021 or Magda_Muzza@txwd.uscourts.gov. Participants should test the video conference link 24 hours prior to the conference.

SIGNED this 21st day of July 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE